STATE OF HAWAII, Plaintiff-Appellee,
v.
KENNETH DELOS SANTOS, Defendant-Appellant.
No. 29337.
Intermediate Court of Appeals of Hawaii.
November 9, 2009.

MEMORANDUM OPINION
FOLEY, Presiding Judge, and LEONARD, J.; and FUJISE, J., dissenting.
Defendant-Appellant Kenneth Delos Santos (Delos Santos) appeals from the Judgment of Conviction and Sentence (Judgment) filed on August 6, 2008 in the Family Court of the First Circuit (family court).[1] A jury found Delos Santos guilty of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2008).
On appeal, Delos Santos argues that the family court erred and violated his rights to due process and a fair trial, protected under article I, §§ 5 and 14 of the Hawai`i Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, when the court admitted into evidence at trial, as an excited utterance, statements made by the Complainant to Honolulu Police Department (HPD) Officer Kubo on the date of the incident in this case. Delos Santos argues, in the alternative, that even if the statements were admissible as an excited utterance, the family court reversibly erred and violated his right to confrontation in admitting the statements at trial. He contends that disregarding the inadmissable testimony, there is insufficient evidence to sustain his conviction. He requests that we reverse his conviction or, at least, remand this case for a new trial.
We agree that the family court violated Delos Santos' rights to due process and a fair trial and that disregarding the inadmissible testimony, there was insufficient evidence to sustain his conviction. We reverse the Judgment. Accordingly, Delos Santos' argument that the court reversibly erred by violating his right to confrontation is moot.

I. BACKGROUND
On March 27, 2008, the State of Hawai`i (the State) filed a complaint, charging Delos Santos with Abuse of Family or Household Members in violation of HRS § 709-906. The events giving rise to the complaint allegedly occurred on March 26, 2008.
On March 26, 2008, at approximately 1:05 a.m., HPD dispatch sent Officer Kubo to respond to a report of an argument at the Hawaiian Monarch Hotel in Waikiki. A few minutes later, Officer Kubo arrived at the hotel. He went up to a room in the hotel where he met Complainant, Delos Santos, and a hotel security officer, who had been waiting in the hotel room where Complainant and Delos Santos were living.
Upon arriving at the room, Officer Kubo immediately observed that Complainant was limping, "really shaken, crying, and appeared to be in a lot of pain." He asked Complainant what had happened. Complainant was still shaken and crying, and Officer Kubo needed a lot of time to calm her down. Complainant explained that her boyfriend,[2] Delos Santos, had beaten her up. Complainant stated that Delos Santos had punched her in the face so hard that she fell to the ground and then Delos Santos stomped on her right thigh. Officer Kubo observed swelling on the right side of Complainant's lower chin area; a circular red mark on her right thigh; and slight abrasions on her knee. Her state of agitation did not subside during the forty-five-minute investigation.
On August 5, 2008, the family court held a hearing on the motions in limine. Delos Santos' counsel informed the family court that Complainant had no recollection of the events of March 26, 2008. Defense counsel argued that Officer Kubo's testimony regarding what Complainant allegedly told him on the date of the incident should be precluded from evidence at trial as inadmissable hearsay. Counsel maintained that if the family court were to admit the testimony into evidence, Delos Santos' right to confrontation would be violated because Delos Santos would be unable at trial to cross-examine Complainant about the testimony because Complainant claimed she could not recall the events.
The family court then proceeded with a Rule 104[3] hearing outside the presence of the jury to determine whether the court should admit the testimony into evidence. After Complainant and Officer Kubo testified, the family court preliminarily found that Complainant's statements to Officer Kubo would be admissible at trial pursuant to the excited utterance exception to the hearsay rule.
At trial, on August 6, 2008, Complainant testified that she had no recollection of the events on March 26, 2008. Officer Kubo began testifying about Complainant's responses to his questions on the date of the incident, and Delos Santos' counsel renewed his objection to the admission of Complainant's responses, but the family court allowed Officer Kubo to continue his testimony. Officer Kubo also testified about the bruising, swelling, and abrasions he observed on Complainant.
At the conclusion of the trial, the jury returned a guilty verdict. The family court then entered its Judgment, and Delos Santos timely appealed.

II. STANDARDS OF REVIEW

A. Evidentiary Rulings/Hearsay
"We apply two different standards of review in addressing evidentiary issues. Evidentiary rulings are reviewed for abuse of discretion, unless application of the rule admits of only one correct result, in which case review is under the right/wrong standard." State v. Ortiz, 91 Hawai`i 181, 189, 981 P.2d 1127, 1135 (1999) (internal quotation marks and citations omitted).
We apply the right/wrong standard of review to questions of hearsay:
[T]he requirements of the rules dealing with hearsay are such that application of the particular rules can yield only one correct result. HRE Rule 802 (1993) provides in pertinent part that hearsay is not admissible except as provided by these rules. HRE Rules 803 and 804(b) (1993) enumerate exceptions that are not excluded by the hearsay rule. With respect to the exceptions, the only question for the trial court is whether the specific requirements of the rule were met, so there can be no discretion. Thus, where the admissibility of evidence is determined by application of the hearsay rule, there can generally be only one correct result, and the appropriate standard for appellate review is the right/wrong standard.
91 Hawai`i at 189-90, 981 P.2d at 1135-36 (internal quotation marks, citations, and footnote omitted; some brackets added and some omitted; block quotation format altered).

B. Sufficiency of the Evidence
We review the sufficiency of evidence on appeal as follows:
[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.
State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitoq, 85 Hawai`i 128, 145, 938 P.2d 559, 576 (1997)). "`Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawai`i at 33, 960 P.2d at 1241 (internal quotation marks and citation omitted).

III. DISCUSSION

A. COMPLAINANT'S STATEMENTS ON MARCH 26, 2008 DO NOT QUALIFY AS AN EXCITED UTTERANCE UNDER HRE RULE 803(b)(2).
Delos Santos contends the family court erred in allowing Officer Kubo to testify about Complainant's hearsay statements under HRE 803(b)(2) as an excited utterance. HRE 803(b)(2) permits the admission of a hearsay statement if it "relat[es] to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." In State v. Machado, 109 Hawai`i 445, 127 P.3d 941 (2006), the Hawaii Supreme Court laid out the foundational elements required for the admission of an excited utterance:
[T]o meet the foundational requirements imposed by HRE Rule 803(b) (2), the proponent of the statement must establish that: (1) a startling event or condition occurred; (2) the statement was made while the declarant was under the stress of excitement caused by the event or condition; and (3) the statement relates to the startling event or condition.
Id. at 451, 127 P.3d at 947. The supreme court further stated that "[t]he ultimate question in these cases is whether the statement was the result of reflective thought or whether it was rather a spontaneous reaction to the exciting event." Id. (internal quotation marks and citation omitted). The supreme court added that courts often consider factors  such as the time interval between the startling event and excited utterance, the nature of the event, the mental and physical condition of the declarant, and the nature and circumstances of the statement itself  in determining whether a statement constitutes an excited utterance. Id.
Delos Santos argues that the nature and circumstances of Complainant's hearsay statement indicate non-spontaneity and are therefore inadmissible under Machado. We agree. Officer Kubo testified that around 1:00 a.m. on March 26, 2008, he arrived at the Hawaiian Monarch Hotel, where a hotel security officer had been waiting with Complainant and Delos Santos, and began questioning Complainant about her injuries:
[Q. State] Before [Complainant] told you anything, as you testified yesterday, you asked her what happened when you went in there, right?
A. [Officer Kubo] Yes.
Q. Okay. And you were going in there to investigate a crime, right?
A. Yes.
Officer Kubo testified that at the time he asked Complainant what had happened, he "needed a lot of time to try to calm [Complainant] down."
Officer Kubo's questions to Complainant elicited her statements about the incident:
A. [Officer Kubo] She  I asked her what happened [Complainant] said my boyfriend beat me up.
. . . .
A. [Officer Kubo] I walked with [Complainant] further into the room . . . . [A]nd I asked her again, what do you mean.
Q. [State] And at the time that you asked her, what do you mean, why did you ask her that question?
A. I need to know what happened . . . .
. . . .
Q. [State] . . . How did [Complainant] respond to your question, what do you mean?
A. She basically said that she got into an argument with her boyfriend and while inside the apartment  hotel room, rather, he punched her once in the face with enough force to her to fall onto the ground. While on the ground, he stomped on her right thigh.
The fact that Officer Kubo's investigatory questioning prompted Complainant's statements about the incident with Delos Santos strongly supports an inference that Complainant was in a reflective state at the time she described the incident to Officer Kubo. Additionally, the fact that a security officer was already waiting at the scene when Officer Kubo arrived, suggesting that order had been restored there, and Officer Kubo's testimony that he needed to calm Complainant down when he asked her what happened suggests that Complainant's statements were not spontaneous. We conclude that Complainant was not "under the stress of excitement" when she made her statements to Officer Kubo. Machado, 109 Hawai`i at 451, 127 P.3d at 947.
That Complainant was in a state of agitation throughout Officer Kubo's investigation and there was a short interval of time between the incident and the arrival of the officer at the scene does not mitigate against our conclusion. See State v. Moore, 82 Hawai`i 202, 221-22, 921 P.2d 122, 142-43 (1996) (holding that hearsay statement may qualify as excited utterance even though proponent has not established short time interval between startling incident and statement).
The State argues in its answering brief that Machado is distinguishable from this case. We disagree. In Machado, a police sergeant arrived on the scene after a neighbor called 911 because the neighbor heard the complaining witness and Machado screaming, things breaking, and what sounded like someone calling for help. 109 Hawai`i at 451, 127 P.3d at 947. The sergeant stated that when he arrived, the complaining witness was "pretty hysterical or pretty emotional." Id. A short time had passed between the time of the altercation and when the complaining witness made statements to the sergeant. Id. The complaining witness remained visibly upset as she described to the sergeant what had transpired. Id. At trial, the circuit court admitted into evidence the sergeant's testimony regarding what the complaining witness had told him, after the State cited to the excited utterance exception to the hearsay rule. Id. at 447, 127 P.3d at 943. The Circuit Court of the Second Circuit (second circuit) convicted Machado of Abuse of a Family or Household Member. Id. at 446, 127 P.3d at 942.
Machado appealed, and this court affirmed the second circuit's judgment. Id. Machado filed a writ of certiorari to the Hawai`i Supreme Court, which writ the court granted. Id. The supreme court affirmed this court's decision, but corrected our holding that the second circuit did not err in admitting as an excited utterance the sergeant's testimony regarding what the complaining witness told him on the date of the incident. Id. The supreme court held that the second circuit erred in admitting the statement as an excited utterance because the complaining witness's statement "involved a lengthy narrative of the events of an entire evening," "was detailed, logical, and coherent," and "was not delivered under . . . life threatening physical conditions." Id. at 452, 127 P.3d at 948. Nevertheless, the supreme court held that the error was harmless. Id. at 452-56, 127 P.3d at 948-52.
The facts underlying Machado were substantially similar to the facts in this case.
We hold that the family court was wrong and violated Delos Santos' rights to a fair trial and due process by admitting into evidence Officer Kubo's testimony regarding Complainant's hearsay statements as excited utterances, under HRE 803(b)(2).

B. GIVEN COMPLAINANT'S INADMISSIBLE STATEMENTS, THERE IS INSUFFICIENT EVIDENCE TO SUSTAIN DELOS SANTOS' CONVICTION.
Delos Santos argues that the admissible evidence is insufficient to support his conviction. HRS § 709-906 states in relevant part: "(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4)." Evidence is sufficient if it substantially supports the conclusion of the trier of fact. Richie, 88 Hawai`i at 33, 960 P.2d at 1241. We conclude that without Officer Kubo's testimony about Complainant's hearsay statements, the State can not adduce substantial evidence to sustain Delos Santos' conviction.

IV. CONCLUSION
The Judgment of Conviction and Sentence filed on August 6, 2008 in the Family Court of the First Circuit is reversed.
NOTES
[1] The Honorable Rhonda A. Nishimura presided.
[2] At a Hawaii Rules of Evidence (HRE) Rule 104 hearing (Rule 104 hearing), Complainant testified that she and Delos Santos were living together at the time of the incident.
[3] HRE Rule 104 provides in relevant part that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court[.]"